UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KENNETH ERIC HUNT,                                    Case No. 2:22-cv-00273-CL

        Petitioner,                                  ORDER OF DISMISSAL

      v.

STATE OF OREGON,

        Respondent.

_____

MCSHANE, United States District Judge.

      Petitioner Kenneth Eric Hunt, an individual in custody at Snake River Correctional

Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 ("Section 2254").

Upon review, the Court finds that Petitioner's claims are barred by the statute of limitations,

procedurally defaulted and legally frivolous. Accordingly, the Petition for Writ of Habeas

Corpus (ECF No. 1) must be summarily dismissed.

## BACKGROUND

      On July 10, 2019, Petitioner pleaded no contest to one count each of Sexual Abuse in the

First Degree and Attempted Sexual Abuse in the First Degree in the Linn County Circuit Court.

(Pet. at 1.) The circuit court sentenced Petitioner to a custodial term of 130 months. (*Id.*)

1 - ORDER OF DISMISSAL

Petitioner did not file a direct appeal, nor did he seek postconviction relief. Instead, on

November 2, 2019, Petitioner filed a jurisdictional challenge in the circuit court, arguing that due

to its "spelling in all uppercase assemblages of letters[,]" the "CIRCUIT COURT FOR THE

STATE OF OREGON COUNTY OF LINN" is an "artificial entity" lacking jurisdiction over

Petitioner and therefore his criminal proceedings are "void[.]" (Resp. to Or. to Show Cause (ECF

No. 9) ("Resp. 1") at 3.) The circuit court denied relief. (*Id.* at 2.) Petitioner then filed a petition

for writ of mandamus in the Oregon Supreme Court "requesting [an order requiring] the [circuit

court] . . . to answer the challenge of jurisdiction and [to] firmly establish jurisdiction" over

Petitioner. (*Id.* at 3.) This, too, was denied. (*Id.*)

On July 19, 2022, Petitioner filed a Petition for Writ of Habeas Corpus in this Court,

raising two grounds for relief:

> Ground One: The Petitioners[1] were deprived of due process by respondents
> failing to having subject-matter jurisdiction over petitioners.
>
> Supporting Facts: The fictitious entities referenced as "THE COURT OF
> APPEALS FOR THE STATE OF OREGON"[] and "THE SUPREME COURT
> OF THE STATE OF OREGON failed to possess authorization and
> acknowledgment by the Legislative Assembly of the State of Oregon, any Statute
> of the State of Oregon, any State of Oregon Rules of Court, or the State of Oregon
> Constitution resulting in entities lacking jurisdiction resulting in all actions taken
> by said fictitious entities being void for lack of jurisdiction ab initio.
>
> Ground Two: The petitioners were deprived of there [sic] Sixth Amendment
> Rights to Effective Assistance of Counsel, Eighth Amendment Rights prohibiting
> Cruel and Unusual Punishment, and violated the Oregon Constitution, Article
> [sic] 1 §11 when counsel failed to and/or refused to raise the claims requested by
> petitioners.
>
> Supporting Facts: The counsel of petitioners failed to and/or refused to raise the
> jurisdictional claims, due process claims, double jeopardy claims of petitioners.

(Pet. at 2.)

---

[1] In the caption, Petitioner lists two petitioners: "Kenneth Eric Hunt (spelled only in
uppercase and lowercase assemblages of letters)" and "'KENNETH ERIC HUNT©' (corporate
entity) (Spelled in all uppercase assemblages of letters)." (Pet. at 1.)

2 - ORDER OF DISMISSAL

The Court issued an order to show cause why the petition should not be summarily dismissed, noting that Petitioner appeared to admit that he had not sought review of his 2019 convictions in the Oregon appellate courts and that his claims appeared to time-barred by the one-year statute of limitations. (Or. to Show Cause dated July 6, 2022 (ECF No. 8) at 2.) Petitioner filed a response, acknowledging that he had not sought meaningful review of his 2019 convictions but arguing that neither the Oregon Court of Appeals nor the Oregon Supreme Court had jurisdiction to review his claims. (Resp. 1 at 3.)

The Court reviewed the response and noted that Petitioner's claims appeared to be procedurally defaulted and therefore barred unless he could establish cause and prejudice or actual innocence to excuse the default. The Court also noted that while Petitioner did not address the statute of limitations in his response, he appeared to suggest in the petition that his claims are not subject to any time limitations because his underlying criminal convictions are void for lack of jurisdiction. (Or. to Show Cause dated Aug. 24, 2022 (ECF No. 13) at 2.) After clarifying that Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations applied to Petitioner's claims and warning that any arguments grounded in "sovereign citizen" ideology would not be considered, the Court again ordered Petitioner to show cause why the petition should not be summarily dismissed.

Petitioner later filed a response, which presently is before the Court. (Resp. to Or. to Show Cause (ECF No. 14) ("Resp. 2").) Petitioner maintains that the Oregon courts lack jurisdiction over him and that his criminal convictions are void for lack of jurisdiction. (*Id.* at 2.) Petitioner does not directly address in the response the statute of limitations or the procedural default of his claims.

///

3 - ORDER OF DISMISSAL

**STANDARDS**

A federal court may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In considering a habeas petition, the district court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]" Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

**DISCUSSION**

Petitioner seeks to challenge his 2019 convictions based on his assertion that the Linn County Circuit Court did not have jurisdiction over him and that his attorney was ineffective when he refused to present Petitioner's jurisdictional argument and unspecified due process and double jeopardy claims. (Pet. at 2.) According to Petitioner, the criminal judgment and all other "documents [related to his criminal case] must be withdrawn from the record immediately and considered void for lack of jurisdiction" until the trial court "proves" it had jurisdiction over Petitioner. (Resp. 2 at 2-3.)

As the Court advised, the AEDPA sets forth a one-year statute of limitations that applies to a petition for a writ of habeas corpus that, like this one, is filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Because Petitioner did not file a direct appeal, the limitations period began to run on August 9, 2019, thirty days after the

original judgment was entered in this case.[2] *See* 28 U.S.C. § 2244(d)(1)(A) (instructing that the limitations period commences when the judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review"); *see also* OR. REV. STAT. § 138.071(1) ("a notice of appeal must be served and filed not later than 30 days after the judgment . . . was entered in the register"). More than one year elapsed before Petitioner filed the instant petition and he has provided no basis on which statutory or equitable tolling might apply. The petition therefore is untimely.

In addition, Petitioner's claims are technically exhausted, but procedurally defaulted. *See Franklin v. Johnson*, 290 F.3d 1223, 1231 (9th Cir. 2002) (explaining that "[i]f a petitioner failed to present his claims in state court and can no longer raise them *through any state procedure*, state remedies are no longer available, and are thus exhausted"); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process"). Petitioner asserts no basis to excuse or avoid the default and therefore federal habeas review is barred.

Finally, even if the Court could excuse the untimeliness and procedural default of Petitioner's claims, Petitioner attempts to separate himself into two entities and to challenge the trial court's jurisdiction based on the use of all capital letters, which is grounded in "sovereign citizen" ideology. *See Bendeck v. U.S. Bank Nat's Ass'n*, No. 17-00180 JMS-RLP, 2017 WL 2726692, at *6 (D. Haw. June 23, 2017) (noting that "[p]roponents of the sovereign citizen . . .

---

[2] Petitioner states in the Petition that judgment issued July 10, 2019. (Pet. at 1.)

theory believe that when a person's name is spelled . . . with initial capital letters and small letters, it represents the 'real person' . . . [and w]henever a person's name is written in total capitals, . . . only [a] 'strawman' [or separate entity] is referenced, and the flesh and blood person is not involved") (simplified); *see also Vasquez v. California Highway Patrol*, No. 15-cv-330 YGR, 2015 WL 1743275, at *2 (N.D. Cal. Apr. 6, 2015) (explaining that sovereign citizens "generally contend that most if not all of the state and federal government, statutory structure, and legal system is invalid or illegitimate, or at least that individuals can essentially opt out of the rules of society through convoluted legalistic loopholes"). Claims based on sovereign citizen arguments and ideology have been universally rejected as frivolous and will remain rejected here. *See United States v. Ward*, 182 F.3d 930 (9th Cir. 1999) (noting that contentions based on sovereign citizen arguments are "frivolous" and that "courts ordinarily reject similar contentions without extended argument"); *see also Bendeck*, 2017 WL 2726692, at *5 (explaining that "courts across the country have flatly rejected 'sovereign citizen' and similar theories as frivolous, irrational, [and] unintelligible") (simplified). Because Petitioner's claims are frivolous, they must be dismissed.

CONCLUSION

For these reasons, the Court DISMISSES the Petition for Writ of Habeas Corpus (ECF No. 1), with prejudice, and DENIES a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

DATED this  30th  day of November, 2022.

___s/Michael J. McShane_____
Michael J. McShane
United States District Judge

6 - ORDER OF DISMISSAL